## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

SANDRA K. LISTEBARGER,

     Plaintiff,

v.

     Case No. 4:20-cv-04393

FMA ALLIANCE, LTD.,

     Defendant.

**NOW COMES** SANDRA K. LISTEBARGER, by and through her undersigned counsel, complaining of Defendant FMA ALLIANCE, LTD., as follows:

### NATURE OF THE ACTION

1.     Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227 *et seq.*, and the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code Ann. § 392 *et seq.*

### JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3.     Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2).

### PARTIES

4.     SANDRA K. LISTEBARGER ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Houston, Texas.

5.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.     Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

1

7.      Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

8.      FMA ALLIANCE, LTD. ("Defendant") is a corporation organized under the laws of Texas.

9.      Defendant maintains its principal place of business at 12339 Cutten Road, Houston, Texas 77066.

10.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because (1) the principal purpose of Defendant's business is the collection of debt and (2) it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

11.     Defendant is a "person" as defined by 47 U.S.C. § 153(39).

12.     Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) because it directly or indirectly engages in debt collection.

## FACTUAL ALLEGATIONS

13.     At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone numbers ending in 2704.

14.     At all times relevant, Plaintiff's number ending in 2704 was assigned to a cellular telephone service as defined by 47 U.S.C. § 227(b)(1)(A)(iii).

15.     At all times relevant, Plaintiff was financially responsible for her cellular telephone equipment and services.

16.     Around August 2020, Plaintiff started to receive phone calls from Defendant to her cellular phone.

17.     Shortly after Defendant's calls began, Plaintiff answered a call in an effort to determine the reason for Defendant's calls.

2

18.     During the first answered call with Defendant, Defendant advised Plaintiff that it was attempting to collect a debt arising from an alleged defaulted medical bill from St. Luke's Hospital in the amount of $496.60 that Plaintiff was allegedly liable for ("subject debt").

19.     The call ended without any payment being made on the subject debt; however, Plaintiff verified her correct mailing address.

20.     The subject debt is a debt as defined by 15 U.S.C. § 1692a(5).

21.     Each time Plaintiff answered Defendant's calls, she was met by a lengthy period of dead air prior to being connected to an agent.

22.     Around October 14, 2020, frustrated with Defendant's incessant telephone calls and the failure to receive correspondence in the mail concerning the subject debt, Plaintiff requested that Defendant cease its collection calls during a phone call with Defendant.

23.     Despite Plaintiff's request that Defendant cease its harassing collection calls, Defendant continued to place collection calls to Plaintiff's cellular phone.

24.     Defendant continues to employ abusive collection practices in an effort to collect the subject debt, including the use of harassing phone calls.

25.     In total, Defendant placed no less than 10 harassing collection calls to Plaintiff's cellular phone in an attempt to collect the subject debt.

## DAMAGES

26.     Defendant's abusive collection practices have severely disrupted Plaintiff's daily life and general well-being.

27.     Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the

phone calls, decreased daily productivity, aggravation that accompanies unwanted telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and functionality of her cellular phone, the loss of battery charge, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her cellular phone.

28.     Moreover, each time Defendant placed a phone call to Plaintiff, Defendant occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone calls or otherwise utilize her cellular phone while her phone was ringing.

29.     Concerned with the escalation of Defendant's abusive debt collection practices, Plaintiff retained counsel to file this action to compel Defendant to cease its abusive conduct.

## CLAIMS FOR RELIEF

### COUNT I:
### Telephone Consumer Protection Act (47 U.S.C. §227 *et seq.*)

30.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

31.     Defendant placed or caused to be placed non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular phone number using an automatic telephone dialing system ("ATDS") without her prior consent in violation of 47 U.S.C. §227(b)(1)(A)(iii).

32.     The TCPA defines ATDS as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

33.     Upon information and belief, based on the lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used an ATDS to place calls to Plaintiff's cellular phone.

34.     Upon information and belief, the dialing system used by Defendant to place collection calls to Plaintiff has the capacity to (a) store phone numbers, and (b) dial those phone numbers automatically. *Marks v. Crunch San Diego, LLC*, 2018 U.S. App. LEXIS 26883, at *25-26 (9th Cir. 2018) ("the statutory definition of ATDS is not limited to devices with the capacity to call numbers produced by a 'random or sequential number generator,' but also includes devices with the capacity to dial stored numbers automatically.")

35.     Upon information and belief, the dialing system employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a lengthy pause after the called party speaks into the phone.

36.     Defendant violated the TCPA by placing no less than 10 harassing phone calls to Plaintiff's cellular phone using an ATDS without her consent.

37.     As pled above, Plaintiff revoked consent to be called on her cellular phone on multiple occasions during phone calls that she answered.

38.     As pled above, Plaintiff was severely harmed by Defendant's collection calls to her cellular phone.

39.      Upon information and belief, Defendant has no system in place to document and archive whether it has consent to contact consumers on their cellular phones.

40.     Upon information and belief, Defendant has no policies and procedures in place to honor cease-call requests made by consumers.

41.     Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to maximize efficiency and profits.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor as follows:

a.  Declaring that the practices complained of herein are unlawful and violate the TCPA;

b.  Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C); and

c.  Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II

### Fair Debt Collection Practices Act (15 U.S.C. §1692 *et seq.*)

### a.  Violations of FDCPA §1692d

42.    Pursuant to § 1692d of the FDCPA, a debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

43.    § 1692d(5) further prohibits "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

44.    Defendant violated §§ 1692d and d(5) when it placed at least 10 collection calls to Plaintiff's cellular phone number in an attempt to collect the subject debt.

45.    Defendant's behavior of systematically calling Plaintiff's cellular phone number in an attempt to collect the subject debt was harassing and abusive.

46.    Defendant's collection calls to Plaintiff were made with the specific intent of annoying, harassing, and abusing Plaintiff.

47.    The fact that Defendant knowingly placed calls to Plaintiff after Plaintiff made numerous requests that the calls cease is illustrative of Defendant's intent to harass and annoy Plaintiff.

### b.  Violations of FDCPA § 1692g

48.     Pursuant to § 1692g of the FDCPA, a debt collector must send the consumer a 30-day validation notice informing the consumer of the right to dispute the validity of the debt within five days of the initial communication with the consumer.

49.     Defendant violated § 1692g by failing to send Plaintiff the 30-day validation notice within five days of Defendant's first communication with Plaintiff in August 2020.

**WHEREFORE,** Plaintiff requests that this Honorable Court enter judgment in her favor as follows:

a.      Declaring that the practices complained of herein are unlawful and violate the Fair Debt Collection Practices Act;

b.      Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying Fair Debt Collection Practices Act violations;

c.      Awarding Plaintiff her costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and

d.      Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT III

### Texas Debt Collection Act (Tex. Fin. Code Ann. § 392 *et seq*.)

50.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

51.     Section 392.302(4) of the Texas Finance Code prohibits a debt collector from causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number. Tex. Fin. Code Ann. § 392.302(4).

52.     Defendant violated Tex. Fin. Code Ann. § 392.302(4) by continuing to place phone calls to Plaintiff despite Plaintiff's requests that the collection calls cease.

53.     Defendant's collection calls were made with the intent to harass Plaintiff and to pressure Plaintiff into making payment on the subject debt.

**WHEREFORE**, Plaintiff requests that this Honorable Court enter judgment in her favor as follows:

a.      Finding that Defendant violated Tex. Fin. Code Ann. §§ 392.302(4);

b.      Enjoining Defendant from further contact with Plaintiff pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

c.      Awarding Plaintiff actual damages in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

d.      Awarding Plaintiff reasonable attorney's fees and costs in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(b); and

e.      Awarding any other relief as this Honorable Court deems just and appropriate

<u>**DEMAND FOR JURY TRIAL**</u>

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demand a trial by jury.

Dated: December 31, 2020                          Respectfully submitted,

**SANDRA K. LISTEBARGER**

By: <u>/s/ *Victor T. Metroff*</u>

Victor T. Metroff, Esq.
Mohammed O. Badwan, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
(630) 575-8181
vmetroff@sulaimanlaw.com
mbadwan@sulaimanlaw.com